UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILE JENKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPT., et al.,<br><br>　　　　　Defendants. | No. 2: 14-cv-0762 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 15, 2014, the court directed the United States Marshal to serve process upon defendants Cano, Silva and Vitale. (ECF No. 14.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. (Id.) If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service. (Id.)

　　　　On August 15, 2014, the United States Marshal filed a return of service with USM-285 forms showing total charges of $65.00 for effecting personal service on each of the defendants. (ECF No. 19.) These forms show that a waiver of service form was mailed to each defendant on

1  May 16, 2014 and that no response was received. (Id.) These forms indicate that personal

2  service was effected on August 8, 2014 for all three defendants. (Id.)

3    Rule 4(d) of the Federal Rules of Civil Procedures provides, in pertinent part, as follows:

4      An individual, corporation, or association that is subject to service
    under Rule 4(e), (f), or (h) has a duty to avoid unnecessary
5      expenses of serving the summons...

6      If a defendant located within the United States fails, without good
    cause, to sign and return a waiver requested by a plaintiff located
7      within the United States, the court must impose on the defendant:

8      (A) the expenses later incurred in making service; and

9      (B) the reasonable expenses, including attorneys' fees, of any
     motion required to collect those services.
10

11  Fed. R. Civ. P. 4(d)(1), 2(A), (B).

12    On August 22, 2014, the undersigned issued an order finding that defendants Cano, Silva

13  and Vitale were given the opportunity required by Rule 4(d) to waive service and failed to

14  comply with the request. (ECF No. 21.) Defendants were ordered to each pay the United States

15  Marsh the sum of $65 within fourteen days, unless within that time each defendant filed a written

16  statement showing good cause for his failure to waive service. (Id.)

17    On August 25, 2014, defendants filed a response to the August 22, 2014 order. (ECF No.

18  22.) Defendants state that they should not have to pay the costs of service because by the time the

19  United States Marshal sent the matter out for service, defendants had voluntarily appeared in this

20  action. (Id.) On July 11, 2014, defendants filed an answer. (ECF No. 17.) Defendants argue that

21  the United States Marshal's request for costs is unwarranted because personal service was not

22  necessary. (ECF No. 22.) Defendants argue that the information that defendants had appeared in

23  this action was readily available to the United States Marshal and they could easily see that

24  appearances had been made by defendants. (Id.)

25    It is not the duty of the United States Marshal to check the court docket of every case in

26  which waivers are not returned in order to determine whether personal service is required.

27  Rather, the individual has the duty to avoid unnecessary expenses of serving the summons. Fed.

28  R. Civ. P. 4(d). In fact, the Court's order directing service expressly states:

    5.  If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal.  The filing of an answer or responsive motion does not relieve the defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

ECF Doc. 14.  Moreover, defendants have not shown good cause for why they were unable to return the waivers in a timely manner.

    Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this order, defendants shall each pay the United States Marshal the sum of $65.

Dated:  August 29, 2014

Jen762.ord

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE